WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—June, 1882.

HOUGHTON V. WATSON.

*In the matter of the estate of* WILLIAM WATSON, *deceased.*

A father, as the natural guardian of his infant child, may exercise control only over the person of the latter, and has no right, as such guardian, to receive a legacy payable to him.

Accordingly, where four infants over fourteen years of age united with their father, who petitioned in behalf of another and younger child, in praying for an order directing the executors of the will of their maternal grandfather to pay to the father so much of the income, amounting to over $20,000 per annum, due them under such will, as was necessary for their support and education, on allegations of the father's inability to provide therefor,—

*Held,* that the court had no power to make the order sought, which would, therefore, if granted afford no protection to the executors; that the interests of the infants could be properly cared for by means of the appointment of a general guardian; and that the prayer of the petition must be denied.

THE petition presented in this matter showed that

William Watson, late of Westchester county, died seized of a large estate, and leaving a widow, and several children, one of whom was the wife of Henry G. Houghton, of London, England; that he left a last will and testament, which was duly proved in 1877, of which his son William and others were executors; that his widow and all his children, with the exception of Mrs. Houghton, who had since died, were still living; that his estate consisted of real and personal property; that, by the will, he directed, among other things, that certain real and personal property, including a sum of money sufficient to raise a net annual income of thirty thousand dollars free from all taxes and charges, should be set apart for the use of his widow during her life, and, after giving certain legacies to various persons, he devised all the remainder of his estate, real and personal, including that portion set apart for the widow, to his executors and trustees, to divide the same, or the proceeds thereof, into as many equal shares as he should leave children, and to pay the income of the share set apart for each of his daughters, to the use of such daughter during her life, and, after her death, to divide and distribute such share among her children equally; that the amount of income so paid to Mrs. Houghton during the year last past, amounted to about twenty thousand dollars; that the income on that share for the current year would exceed that sum, and that, upon the death of said widow, the principal of the share of Mrs. Houghton's children would be increased upwards of one hundred thousand dollars.

The petition, presented by four of the children, who were over fourteen years of age, and by the father of the one under that age, further showed the inability of

the father to support and educate the children according to their station in life, that no general guardian had been appointed for the infants, and that the executors were unwilling to pay to the father any portion of the income of the share of the infants without an order of the court, and they therefore prayed for such an order, authorizing and directing the executors to pay to the father such sum as might, in the judgment of the court, be proper for their support, education, etc.

GEO. C. BLANKE, *for petitioners.*

W. J. OSBORNE, *for executors.*

THE SURROGATE.—As I think I have no power to make the order sought, were it to be granted it would afford no protection to the executors. The father of these minors, Dr. Houghton, is merely the natural guardian of them, and as such may control their persons only. He is not a guardian in socage, for the reason that such guardian can only exist where the minors have lands. Under this will, everything is, by its provisions, converted into legal assets, in so far as these children's interests are concerned. He is not their general guardian, nor have they any. If any money were paid to him, this court could exercise no supervisory power or control over him, as to his application of it, nor could he be called to account for its misapplication. There is no ground to suppose that the moneys would not be properly and judiciously used; at the same time the fact that they might not be, must be kept in view, as possible.

Considering the style in which these children have thus far been reared, in consequence of the liberal in-

come of the mother, the large fortune to which they are now entitled, their future expectations, and the straitened circumstances of their father, it would seem just that a generous allowance should be made, for their education and comfortable support, but it can be done only in a manner which the law recognizes as legitimate. By our laws, the wants of these minors can be properly cared for. through the medium of a general guardian, whose appointment may now be made by this court; in a case like this. This application must, therefore, be denied.

Ordered accordingly.